Scileppi, J. (dissenting).
While the court’s decision today disapproves of the conduct of defendant’s attorney, it affords no adequate practical alternative to defense counsel who find themselves situated in similar circumstances.
The record discloses that on May 22, 1963 defendant appeared with experienced counsel and pleaded guilty to attempted grand larceny in the second degree. On July 24, 1963 defendant, represented by the same counsel, appeared for sentence. At this time defendant personally sought to withdraw his plea of guilty, claiming that he had been under the influence of narcotics (in the “ withdrawal ” stage) at the original hearing, and consequently did not understand the proceedings. The application summarily was denied. Thereafter defense counsel advised the court that, while defendant had been sick prior to the time he pleaded guilty, ‘ ‘ when he came into court here he understood the nature of the proceeding and the questions that were put to him.”
Defendant now claims that his attorney’s assumption of a position adverse to him resulted in an unconstitutional deprivation of the right to counsel. This court has accepted defendant’s argument, but it seems to me that if we are to lay down rules which have the effect of governing the conduct of counsel in criminal prosecutions we have the responsibility of assuring ourselves that these rules are in accord with the realities and practical considerations of the workaday world. As Chief Judge Woodbtjby of the United States Court of Appeals for the First Circuit recently observed, “As lawyers we are not unaware of the general tendency of unsuccessful litigants to blame counsel for their misfortune. Nor as judges of an inferior federal court are we by any means unaware of the proclivity of prisoners to grasp at straws to escape incarceration ” (Desmond v. United States, N. Y. L. J., Oct. 30, 1964, p. 3, col. 2). There is also nothing novel about a defendant, motivated by the expectancy of leniency, entering a plea of guilty only to attempt to withdraw his plea when faced with *637 disappointment at the time of sentence. These are the realities of day-to-day practice in the criminal courts, and it is most unwise for us to close our eyes to these realities and permit defendants to play fast and loose with the courts. This calculated game of dodge is engaged in too often and requires no assist from this court.
As I perceive it, an attorney, when faced with the circumstances presented here, has one of three choices. He may, as was done here, call the court’s attention to the facts as he knows them. He may, as has heen suggested, ask to withdraw from the case, but on analysis this is no different from his first option since he most certainly will be requested to disclose his reasons for so doing to the court. Thus, in both instances, his ‘ ‘ adverse ’ ’ position will be made known to the court. His third choice is to remain silent while his client bears false witness. I cannot, however, conceive of this behavior by an officer of the court as the preferable choice. In the final analysis the attorney must disclose or conceal. Here counsel chose to reveal his knowledge to the court and, far from being questionable, his conduct represented, at the very least, the selection of the acceptable choice.
In all events, the conduct in question occurred subsequent to the trial court’s ruling, refusing defendant’s application to withdraw his plea, and most assuredly had no influence upon it.
Accordingly, the judgment appealed from should be affirmed.
Judgment reversed, etc.